Entered: June 22nd, 2018
Signed: June 22nd, 2018

**SO ORDERED**



LORI S. SIMPSON
U.S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## AT GREENBELT

In Re:   Abraham` A. Lobo  and Kriselda           Case No. 16-26942-LSS
         Valderrama-Lobo                          Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Specialized Loan Servicing LLC, Movant

vs.

Abraham` A. Lobo , Debtor
aka Abraham A. Lobo
Kriselda Valderrama-Lobo, Debtor
                Respondent(s)

### ORDER MODIFYING AUTOMATIC STAY

   The Movant, Specialized Loan Servicing LLC, Movant by its attorney, Kyle J. Moulding, Esq., and the Debtors, Abraham` A. Lobo and Kriselda Valderrama-Lobo by their attorney, Steven L. Goldberg, after a hearing held on June 18, 2018 the court ordered as follows:

   1.   The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are hereby terminated.  Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of this Order.

   2.   The Debtor(s) shall cure the post-petition arrears due of approximately

15-618198

$10,785.50, which include: payment(s) in the amount of $2,997.08 for the month(s) of March 2018 through June 2018; and is less a suspense balance in the amount of $1,202.82. The Debtor(s) will make "additional" monthly payments in the amount of $1,797.85 commencing in **July 2018** and continuing each month thereafter for four (4) months, followed by payments of $1,797.59 commencing in **November 2018** and continuing each month thereafter for two (2) months until the arrears are paid in full. **The "additional" payments must be received by the 15TH day of the month.** Note: Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

3. Commencing, in **July 2018** the Debtor(s) shall resume making the regular monthly payments of $2,997.08, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust. The regular payments are due on the 1st day of the month with a late charge assessed after the 15th.

4. All payments tendered in accordance with this Order should be sent directly to SPECIALIZED LOAN SERVICING LLC, Movant at Specialized Loan Servicing LLC, PO Box 636007, Littleton, Colorado, 80163.

5. Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay. Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order. Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Prince George's County, Maryland, at Liber 24690 and folio 337 and which is secured by the property of the Debtor(s) located at **9303 Shady Tree Court, Fort Washington, Maryland 20744**. The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6. Should there be more than two (2) defaults in making the "additional payment(s)" as required in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order. Movant may proceed with collection and/or foreclosure actions immediately.

7. This agreement shall be and become null and void on the termination of this bankruptcy proceeding. Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance

15-618198

shall be immediately terminated and the repayment provisions herein shall be and become null and void.  This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

      8.      The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtors via telephone or written correspondence to offer such an agreement.

Copies to:

Abraham` A. Lobo
9303 Shady Tree Court
Fort Washington, Maryland  20744

Kriselda Valderrama-Lobo
9303 Shady Tree Court
Fort Washington, Maryland  20744

Copies were sent electronically thru the CM/ECF system to Steven L. Goldberg, Esq., Attorney to debtors and Timothy P. Branigan, Chapter 13 Trustee.

**End of Order** (kmg)

15-618198